UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-498-MOC
(3:18-cr-291-MOC-DCK-1)

| RUDOLPH CARRYL, | ) |  |
| --- | --- | --- |
| Petitioner, | ) |  |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, that was filed under the prisoner mailbox rule on September 23, 2019, and docketed on October 1, 2019, (Doc. No. 1).

Petitioner pled guilty to securities fraud in the underlying criminal case and was sentenced to a total of 74 months' imprisonment. See (3:18-cr-291, Doc. Nos. 3, 33, 34, 54). Counsel filed a Notice of Appeal on Petitioner's behalf on October 4, 2019. (Id., Doc. No. 59).

Petitioner filed the instant *pro se* § 2255 Motion to Vacate before the Notice of Appeal was filed. He asks the Court to vacate his conviction and sentence for securities fraud because the Government failed to establish that the fraud coincided with, and thus was "in connection with," a securities transaction. (Doc. No. 1 at 8, 15).

While "[t]here is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255 … the courts have held that such motion is inappropriate if the movant is simultaneously appealing the decision." Rule 5, Rules Governing Section 2255 Proceedings, advisory committee notes. In the instant case, it is possible that Petitioner's § 2255 claim could be resolved on direct appeal. Therefore, the *pro se* § 2255 Motion to Vacate is premature. See

1

generally Walker v. Connor, 72 Fed. Appx. 3 (4th Cir. 2003) (recognizing a § 2255 petition is premature when it is filed while a direct criminal appeal is pending). The Court further notes that the *pro* se § 2255 Motion to Vacate is not on the required form and is not verified (signed under penalty of perjury).

The Court will, therefore, dismiss the § 2255 Motion to Vacate without prejudice for Petitioner to refile the petition after the Judgment becomes final. See, e.g., Flores-Rojas v. United States, 2010 WL 92437 (Jan. 6, 2010) (dismissing premature § 2255 petition without prejudice).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** without prejudice as premature.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk of Court is instructed to mail Petitioner a blank § 2255 form and close this case.

Signed: October 18, 2019

Max O. Cogburn Jr
United States District Judge